FILED

DEC 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 4041, in its individual capacity and its representative capacity on behalf of its members; RANDY LEE COOK,

        Plaintiffs,

  and

ROBERT LEE BIANCHI,

        Plaintiff - Appellant,

  v.

STATE OF NEVADA, ex rel its Department of Corrections; HOWARD SKOLNIK, individually and in his official capacity as Director of the Nevada Department of Corrections; CARLA CREVLING, individually and in her capacity as Personnel Officer of the Nevada Department of Corrections; PAT CONMAY, individually and in his official capacity as Inspector General for the Nevada Department of Corrections;

No. 10-17046

D.C. No.
3:09-cv-00235-LRH-RAM

MEMORANDUM[*]

_____

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

WILLIAM DONAT, individually and in his official capacity as Warden for the Nevada State Prison,

                Defendants - Appellees.

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted November 16, 2011[**]
San Francisco, California

Before: HAWKINS, McKEOWN, and M. SMITH, Circuit Judges.

Robert Bianchi ("Bianchi"), a lieutenant at the Nevada State Prison with the Nevada Department of Corrections ("NDOC"), appeals the summary judgment dismissal of his § 1983 action, alleging that he was retaliated against by the NDOC in violation of his First Amendment rights. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

Bianchi contends that NDOC demoted him in retaliation for his involvement in a no-confidence petition regarding the Assistant Warden of Operations, Walter Donat ("Donat"), and issued him a letter of reprimand in retaliation for testifying regarding the petition at a trial. However, Bianchi successfully appealed each

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

disciplinary action, was reinstated to his former rank as a lieutenant, and the letter of reprimand was removed from his file. NDOC alleges that it had legitimate reasons for reprimanding Bianchi: he had failed to report on or properly supervise a misbehaving subordinate, and had misused a sick day and had given misleading statements about it.

Reviewing the grant of summary judgment de novo, we conclude Bianchi has not provided evidence sufficient to show any genuine issue of material fact.

First, it is not clear that retaliation analysis is even warranted here because Bianchi has not demonstrated that he has suffered any injury which we might then determine was or was not the product of retaliation. The disciplinary actions that Bianchi alleges were retaliatory were both reversed as the result of Bianchi's administrative appeals. Although Bianchi provided some evidence of emotional distress he suffered during the course of the disciplinary actions as a possible basis for his retaliation claim, he makes no argument connecting that distress to the adverse employment actions.

But even if a retaliation analysis were warranted here, summary judgment was still proper. Retaliation claims against government employers must be supported by proof that protected speech was a "substantial or motivating factor in the adverse employment action." *Eng v. Cooley*, 552 F.3d 1062, 1070-72 (9th Cir. 2009). To do

3

so, a plaintiff must first present evidence the defendant had knowledge of the plaintiff's protected speech. *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 928 (9th Cir. 2004) (citing *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 750-52 (9th Cir. 2001)). Bianchi relies on allegations in his complaint as well as in his affidavit—conclusory, self-serving, and lacking any supporting evidence—which fail to establish a genuine issue of material fact on summary judgment review. *F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) (citations omitted).

**AFFIRMED.**